SOUTHERN KRAFT CORPORATION *v.* McCAIN,
COMMISSIONER OF LABOR.

4-7074                                    171 S. W. 2d 947

Opinion delivered May 31, 1943.

*Gaughan, McClellan & Gaughan,* for appellant.

McHANEY, J.   This case arose out of a claim for unemployment compensation filed by a negro laborer styling himself as Judge Canada, under the Unemployment Compensation Law, act 155 of 1937, as amended by act 200 of 1939. In his claim he reported one Clyde Cooper as his employer. There was no record with the Unemployment Compensation Division of any wages paid by Cooper to Canada, so the Appeals Referee conducted a hearing on March 19, 1941, at Camden, Arkansas, at which Cooper and Canada were present. Cooper offered to pay the contributions due under said law with respect to wages of all his employees, but his offer was declined. He had paid his Federal Social Security tax and testified he thought that such payment included all such taxes that were required. The Referee, having learned that Cooper was engaged in producing pulp wood for appellant, in which work Canada was employed by Cooper, decided that, under the interpretation of the law as adopted by the Commissioner of Labor, appellant might be the employer of Canada and Cooper, and, therefore liable for contributions instead of Cooper. So, this hearing was adjourned to June 16, appellant being notified, and on that date the Referee determined that appellant and not Cooper was liable for the contributions, and made an allowance of benefits to Canada, based on

earnings from appellant as his employer. An appeal was then taken to the Industrial Board, and from it to the circuit court, with a like result in both tribunals. The case is now here on appeal.

This case is ruled in favor of appellant by the recent case of *Crossett Lumber Co. v. McCain, Commissioner of Labor,* ante, p. 631, 170 S. W. 2d 64. The facts are not in dispute. Appellant operates a large paper mill at Cullendale, near Camden, Arkansas, and two or more other such mills in Louisiana. It owns more than a half million acres of cut over timber lands in Arkansas and Louisiana, from which, and from independent sources, it gets pulp wood which it uses in the manufacture of paper. It has contracted with Clyde Cooper and about twenty-two others in Arkansas to cut and deliver to it pulp wood at a price of so much per cord (now $4.50). These persons are referred to as contractors or independent contractors. This designation may not be entirely accurate as the relation existing between them and appellant is more nearly that of vendor and vendee, or seller and buyer, since it is undisputed that about seven-eighths of the pulp wood produced and sold to appellant is produced from lands or timber owned by the sellers, and that the one-eighth produced from appellant's lands is first sold to the producer for 50 cents per cord. But there is a contract relation existing between them and appellant, an oral contract whereby Cooper and the others agree to cut and deliver to appellant a certain number of cords per week, in the case of Cooper, operating only two trucks, 100 cords per week, at an agreed price and according to certain specifications as to length and size and grade. The wood is shipped to appellant at the railroad shipping point nearest to the timber, or it is delivered in trucks. The producers hire and fire their own men, pay them, furnish them their own tools, and appellant exercises no control over them, except as to the result of the work.

We held under similar facts in the Crossett Lumber case that these timber cutters were independent contractors and that Crossett Lumber Company was not liable for contributions based on wages of men working

for such contractors. We also held that act 155 of 1937, as amended by act 200 of 1939, was repealed by act 391 of 1941, and that rights and liabilities arising under the former law and still undetermined when act 391 became effective were to be determined under the latter's provisions only.

So, here, appellant was not the employer of Judge Canada, nor of any of the other employees working under Clyde Cooper, nor of any employee of any other person in Cooper's status, and is not liable for contributions based on their wages. It is not contended that Judge Canada is not entitled to unemployment compensation under the act. Cooper conceded that he was and offered to pay for all of his other employees, and appellant has no interest in the matter other than that of its liability.

The judgment is reversed, and the cause dismissed on the authority of *Crossett Lumber Co.* v. *McCain, supra.*